# United States Court of Appeals
## For the First Circuit

No. 01-1339

UNITED STATES OF AMERICA,

Appellee,

v.

FELIX C. REYNOSO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Boudin, Chief Judge,

Torruella and Selya, Circuit Judges.

James S. Hewes, by appointment of the court, on brief for appellant.
Gretchen Leah Witt, United States Attorney, Peter E. Papps, First Assistant United States Attorney, Jean B. Weld, Assistant United States Attorney, and Terry L. Ollila, Assistant United States Attorney, on brief for the United States.

January 15, 2002

Per Curiam.  Appellant Felix Reynoso seeks reversal of his September 7, 2000, criminal conviction on three counts of distributing and one count of conspiracy to distribute crack cocaine.  21 U.S.C. §§ 841(a)(1), 846.  Reynoso makes two arguments: that the presence of an alternate juror tainted the jury's deliberations and that the evidence at trial was insufficient to support the verdict.

The jury that heard Reynoso's case consisted of twelve jurors and two alternates.  The alternates were dismissed after the jury was charged, but one of them stayed with the jury during its deliberations, contrary to the court's instructions.  When the alternate's presence was brought to the court's attention, the district judge interviewed all twelve jurors and determined that the alternate had taken no part in the deliberations.  He nevertheless offered to grant Reynoso a mistrial, but Reynoso declined after consulting with his lawyer.  The jury later convicted Reynoso on all four counts.

Whether or not the presence of the alternate during deliberations was a violation of the current Fed. R. Crim. P. 24(c), which was amended in 1999 to permit alternates to be retained in certain circumstances, it creates no grounds for reversal.  Arguably, Reynoso's decision to forego a mistrial constitutes waiver of any claim of error.  See United States v. Mitchell, 85 F.3d 800, 807 (1st Cir. 1996).  However, there is some authority under the old version of the rule suggesting that--in order to preserve the integrity of the jury

-3-

system--errors of this kind should not be excused by agreement of the parties. See United States v. Olano, 507 U.S. 725, 737 (1993) (assuming the point arguendo); id. at 741-43 (Kennedy, J., concurring) (noting "good reasons" for nonwaivability); see also United States v. Allison, 481 F.2d 468, 472 (5th Cir. 1973); 2 Wright, Federal Practice & Procedure § 388, at 52 (1969).

Whether or not the claim is deemed waived, it was certainly forfeited by Reynoso's failure to object and is reviewable only for plain error--requiring far more than just that the error be clear. Among other requirements, Reynoso must show that the alternate's presence created actual prejudice. See Olano, 507 U.S. at 734-35 (citing Fed. R. Crim. P. 52(b)). But after due investigation the district court supportably found that the alternate had not affected the deliberations, and Reynoso offers no evidence or arguments to the contrary.

Reynoso's sufficiency claim is also forfeit because he failed to renew his Rule 29 motion after the presentation of his defense. United States v. Stein, 233 F.3d 6, 20 (1st Cir. 2000). The evidence implicating Reynoso included testimony of an undercover police officer who bought crack from Reynoso on three occasions, and of two co-conspirators who helped Reynoso sell crack. This was more than sufficient to support the verdict; there was thus no error at all, let

alone the gross injustice needed to avoid the forfeiture.  See <u>id.</u> at 21.

Affirmed.